UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALITY COMPANY,

              Plaintiffs,              MEMORANDUM AND ORDER
                                              17-CV-2802

   - against -

IGOR MAYZENBERG,
MINGMEN ACUPUNCTURE SERVICES, P.C.,
SANLI ACUPUNCTURE, P.C.,
LAOGONG ACUPUNCTURE, P.C.,
IGOR DOVMAN, and
TAMILLA DOVMAN a/k/a TAMILLA KHANUKAYEV,

              Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") brought this declaratory judgment, fraud, and unjust enrichment action against Defendants Igor Mayzenberg ("Mayzenberg"), Mingmen Acupuncture Services, P.C. ("Mingmen"), Sanli Acupuncture, P.C. ("Sanli"), Laogong Acupuncture, P.C. ("Laogong"), Igor Dovman ("I. Dovman"), and Tamila Dovman ("T. Dovman" and collectively with I. Dovman, "the Dovmans"), (collectively "Defendants"). (ECF No. 48, "Am. Compl."). Pending now before the Court is T. Dovman's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 68). For the reasons explained below, the motion is **DENIED**.

1

**BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case and refers to its Memorandum and Order granting in part and denying in part GEICO's motion for a preliminary injunction. (ECF No. 112). In sum, GEICO alleges that Defendants implemented a fraudulent scheme where Mingmen and Sanli billed GEICO for millions of dollars they were not eligible to receive. Specifically, Mayzenberg used Sanli and Laogong to pay kickbacks to the Dovman shell entities in exchange for their referral of insured accident victims to Mingmen, who then hired independent contractors to perform medically unnecessary acupuncture services to them. Mingmen then submitted claims to GEICO for reimbursement of no-fault benefits under New York's No-Fault Insurance Laws. (Am. Compl. ¶¶ 1-11).

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint alleges fraud, the complaint "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns, Inc. v. Shaar Fund, LTD.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may consider, in addition to the facts stated in the complaint,

"any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

## DISCUSSION

T. Dovman argues that GEICO did not sufficiently allege fraudulent conduct by her specifically, and only alleged that she was married to I. Dovman and worked at the same law firm as him. She supports her argument by averring that she and her husband were referred to as "the Dovmans" throughout the Amended Complaint, with no reference to her alone. (ECF No. 68-2 at 4). Her argument is meritless. GEICO alleged that the Dovmans, among other things, (i) worked with Mayzenberg and the other Defendants to further a referral and kickback scheme to defraud GEICO, (ii) owned and operated various shell companies to facilitate the kickback and referral payments, and (iii) obtained names of insured accident victims from the law firm where they worked. (*See e.g.*, Am. Compl. ¶¶ 4, 8, 18, 54, 65, 85-123). That T. Dovman was referred to jointly with her husband for the same fraudulent conduct is of no consequence.

T. Dovman also argues that because GEICO failed to serve an Amended Summons signed by the Clerk of the Court at the same time it served the Amended Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, the Amended Complaint must be dismissed. This argument is also meritless. Given that the sole reason for this defect was that the Amended Summons was not signed before the deadline to serve the Amended Complaint, T. Dovman cannot credibly argue that she was prejudiced by this technical, good faith, error. 4A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1088 (4th ed. 2018) ("As long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless. A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process . . . . Only when the

error actually results in prejudice to the defendant or demonstrates a flagrant disregard of the requirements of Rule 4(a) . . . is the district court likely to rule that a failure to comply precisely with Rule 4(a) cannot be cured by amendment."). Indeed, the Amended Summons was ultimately signed by the Clerk of the Court and served a mere 11 days after the filing of the Amended Complaint. (ECF Nos. 48, 50).

## CONCLUSION

Accordingly, for the reasons set forth above, T. Dovman's motion to dismiss the Amended Complaint is **DENIED**.

SO ORDERED.

Dated:    Brooklyn, New York
          March 1, 2019

/s/ _____
I. Leo Glasser                          U.S.D.J.