

Matthew J. Conroy/ MJC@SchwartzLawPC.com

June 12, 2019

*Via* **ECF**
Honorable Senior Judge I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

      Re:    **GEICO et al. v. Mayzenberg, et al.**
                **Case No.: 17-cv-02802(ILG)(LB)**

Dear Judge Glasser:

     As the Court is aware, this office represents Defendants Igor Mayzenberg, L. Ac., Mingmen Acupuncture, P.C., Sanli Acupuncture, P.C. and Laogong Acupuncture, P.C. in the above referenced matter.

     I write on behalf of the defendant in the above referenced action, to submit for the Court's consideration an additional, very recently decided authority that is relevant to Defendants' Motion for Summary Judgment.

     On June 11, 2019, the Court of Appeals of the State of New York issued a decision in an action captioned, *Andrew Carothers, M.D., P.C. v. Progressive Ins. Co., 2019 NY Slip Op. 04643*. See attached **Exhibit A**. In this decision and Order, the court affirmed the Appellate Division, but in doing so addressed a legal argument directly relevant to the motion pending before you. The relevant portion of the decision is as follows:

> Finally, plaintiff is incorrect to characterize the improper control of plaintiff by unlicensed persons as simply an instance of improper fee splitting of the professional corporation's profits with a nonphysician in violation of 8 NYCRR 29.1 (b) (4). Although the Appellate Division held in *Matter of Allstate Prop. & Cas. Ins. Co. v New Way Massage Therapy P.C.* (134 AD3d 495, 495 [1st Dept 2015], *lv denied* 28 NY3d 909 [2016]) that a "fee-sharing arrangement . . . does not constitute a defense to a no-fault action," the jury in this case determined that

plaintiff was controlled by unlicensed persons, rather than merely splitting fees with them. Control of a professional corporation by nonprofessionals violates foundational New York licensing requirements and rendered plaintiff ineligible for insurer reimbursement, for exactly the same reason the medical service corporation in *Mallela* was ineligible for reimbursement.

We offer this decision as further support for Defendants' Motion for Summary Judgment, which was fully briefed on April 22, 2019, and orally argued before this Court on May 14 2019.

Thank you for your attention to this matter.

Very truly yours,

SCHWARTZLAW, P.C.

By:     /s/Matthew J. Conroy
        Matthew J. Conroy

MJC/mc