UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, ET AL.,

                Plaintiffs,                      MEMORANDUM AND ORDER
                                                                       17-CV-2802
   - against -

IGOR MAYZENBERG, ET AL.,

                Defendants.
-----------------------------------------------------------x

**GLASSER**, Senior United States District Judge:

      Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO") alleged eight causes of action in their Amended Complaint. ECF No. 48, at 43–54. The Court, in its Memorandum and Order of August 24, 2022, granted summary judgment in GEICO's favor on five causes of action and dismissed a sixth, leaving two undecided. ECF No. 148, at 27–28. The Court also referred this case to Magistrate Judge Bloom for a report and recommendation on prejudgment interest and attorneys' fees that the Court might award to GEICO. *Id.* at 28. On August 30, 2022, GEICO informed the Court that it no longer seeks attorneys' fees or prejudgment interest and asked the Court to direct entry of final judgment. ECF No. 149. The Court declined to do so because two causes of action remained undecided. ECF No. 150. Now, GEICO moves jointly with some but not all of the defendants—Igor Mayzenberg, Sanli Acupuncture, P.C., Mingmen Acupuncture Services, P.C., and Laogong Acupuncture, P.C. (the "Mayzenberg Defendants")—to dismiss without prejudice the undecided causes of action, which are for common law fraud and unjust enrichment against Igor Mayzenberg and Sanli Acupuncture, P.C. ECF No. 151.

A plaintiff may voluntarily dismiss a claim without a court order only (i) "before the opposing party serves either an answer or a motion for summary judgment," or (ii) later, if armed with "a stipulation of dismissal signed by all parties who have appeared . . . ." Fed. R. Civ. P. 41(a)(1)(A). Otherwise, a claim may be dismissed only by court order and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41(a)(2) dismissals are at the district court's discretion . . . ." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018). A plaintiff will be "afforded an opportunity to withdraw its Rule 41(a)(2) motion to dismiss" if a district court "convert[s] a requested dismissal without prejudice to one with prejudice." *Id.*

Here, the joint motion to dismiss is governed by Fed. R. Civ. P. 41(a)(2) because it is not joined by two defendants who have appeared: Igor Dovman and Tamilla Dovman. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). However, neither Dovman is the subject of either cause of action which GEICO and the Mayzenberg Defendants have moved to dismiss. Accordingly, the Court grants their motion to dismiss GEICO's seventh and eighth causes of action, without prejudice.

Further, the Court rescinds as moot its referral of this case to Magistrate Judge Bloom for a report and recommendation on attorneys' fees and prejudgment interest.

The Clerk of Court is instructed to terminate all pending motions in this case and to enter final judgment as proposed by the parties. *See* ECF No. 149-1.

SO ORDERED.

Dated: Brooklyn, New York
September 6, 2022

/s/   *I. Leo Glasser*
I. Leo Glasser
Senior United States District Judge