

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**STEVEN T. HENESY**
PARTNER
(516) 357-3308
steven.henesy@rivkin.com

March 14, 2023

**Via ECF**
Honorable Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**   *Government Employees Ins. Co., et al. v. Mayzenberg, et al.*
           Case No. 1:17-cv-02802-ILG-LB

Dear Judge Bloom:

We represent Plaintiffs (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs hereby move, pursuant to Fed. R. Civ. P. 45 and 69(a)(2), for an Order compelling non-party Robert Lyushtra ("Lyushtra") to appear for a deposition in aid of execution of the Amended Final Judgment (ECF No. 157) entered against the Defendants.

On August 24, 2022, the Court granted in part and denied in part GEICO's motion for summary judgment against the Defendants. *See* ECF No. 148. Thereafter, the Clerk of the Court entered Amended Final Judgment in GEICO's favor against the Defendants (the "Judgment"). *See* ECF No. 157. Following entry of the Judgment, GEICO served a Rule 45 subpoena on Lyushtra seeking his deposition on February 24, 2023. A copy of the subpoena and corresponding affidavit of service is attached as Exhibit "1".

Thereafter, Lyushtra contacted the undersigned by phone inquiring as to the relevance of his testimony. After the undersigned explained the relevance, Lyushtra indicated that he would appear for his deposition as scheduled. On February 23 (the day before the deposition), the undersigned called Lyushtra twice and left a message requesting that Lyushtra confirm his appearance for the following day. However, Lyushtra never returned that message, and then failed to appear for the deposition on February 24.

Lyushtra's testimony is highly relevant to GEICO's efforts to execute on the Judgment. In particular, a series of companies controlled by Defendant-Judgment Debtor Igor Dovman issued a large amount of money to Lyushtra, including at least one transaction that post-dated entry of the Judgment. For example, an entity called Presico, Inc. – for which Dovman held himself out, at least to Bank of America, as President – issued 11 checks to Lyushtra between September 2021 and September 2022, for a total of $408,638.33. *See* ECF No. 201-4. One of those checks was issued by Dovman through Presico on September 15, 2022 – <u>after</u> entry of the Judgment – for $61,650.00. *See id.*, p. 123.

There is significant evidence that Dovman used the bank account for Presico, Inc. to launder money. For example, Plaintiffs recently obtained an affidavit from an individual named Diana Sheydvasser. In her affidavit, Ms. Sheydvasser indicates, among other things, that: (i) in 2021, she was approached by Dovman with a request to receive money from Dovman, deposit it, and then send that money to third parties because Dovman claimed to be going through a divorce and wanted to keep those assets from his wife; (ii) between 2021 and 2022 Ms. Sheydvasser received $400,000.00 from two companies controlled by Dovman – Presico, Inc. and Kreniko, Inc. – through a series of checks; and (iii) once she received those funds from Dovman, Dovman instructed her to funnel that money to two third parties. Ms. Sheydvasser's affidavit, along with the checks evidencing the payments to Ms. Sheydvasser from Prescio and Kreniko, and then from Ms. Sheydvasser to the third parties, is attached as Exhibit "2".

Moreover, Plaintiffs have identified additional "companies" secretly controlled by Dovman which issued large payments to Lyushtra:

- Between February and March 2022, Dovman used a company called Deriz, Inc. to issue two checks to Lyushtra, for a total of $93,000.00.
- Between January and July 2022, Dovman used a company called Brenix, Inc. to issue three checks to Lyushtra, for a total of $121,000.00.
- Between February 2022 and July 2022, Dovman used a company called Kreniko, Inc. to issue five checks to Lyushtra, for a total of $256,880.00.

Copies of these checks, along with the banking documents evidencing Dovman's control of the Deriz, Inc., Brenix, Inc., and Kreniko, Inc. accounts, are attached as Exhibit "3". All told, between September 2021 and September 2022, Dovman used the accounts for Presico, Inc., Deriz, Inc., Brenix, Inc., and Kreniko, Inc. to issue $879,518.33 in checks to Lyushtra. This, despite the fact that Dovman testified – falsely – in his post-judgment deposition that, during this same period, he could not recall whether he signed any checks for any companies:

> Q. In the last two years, have you signed a check on behalf of any company?
> A. I have no recollection.

See ECF No. 201-2, 36:3-5.[1]

In this context, and as the Court is aware, Rule 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." (emphasis added). Because of Lyushtra's extensive financial dealings with various Dovman companies (including his receipt of more than $60,000.00 from a Dovman company after entry of the Judgment), coupled with Dovman's false and evasive post-judgment deposition testimony, Plaintiffs respectfully request an Order compelling Lyushtra's appearance at his deposition. See, e.g., Jacobson v. Moller & Moller, Inc., No. 02-cv-6316, 2007 WL 1989260, at *1 (E.D.N.Y. July 25, 2007) (a judgment debtor is "entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment.") (internal quotations and citation omitted).

---

[1] This testimony is demonstrably false. Plaintiffs have identified **hundreds** of checks signed by Dovman on behalf of a series of companies in the two years before his post-judgment deposition.

We thank the Court for its time and continuing attention to this matter.

                                             Respectfully submitted,

                                             RIVKIN RADLER LLP

                                             Steven T. Henesy

Encl.
Cc:    All counsel of record (*via* ECF)
        Robert Lyushtra (*via* overnight mail)

6229010.v1