```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE CO., and GEICO
CASUALTY CO.,

                    Plaintiffs,                           ORDER
                                                     17 CV 2802 (ILG) (LB)
        -against-

IGOR MAYZENBERG, MINGMEN
ACUPUNCTURE, P.C., SANLI
ACUPUNCTURE, P.C., IGOR DOVMAN,
LAOGONG ACUPUNCTURE, P.C., and
TAMILLA DOVMAN a/k/a TAMILLA
KHANUKAYEV,

                    Defendants.
-------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiffs move to compel non-party Robert Lyushtra pursuant to Rule 45 and 69(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to appear for a post-judgment[1] deposition. ECF No. 205. "Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002). Fed. R. Civ. P. 69(a)(2) provides that "[i]n the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." (emphasis added). Courts in this District have interpreted Rule 69(a) as permitting "judgment creditors wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." Donoghe v. Astro Aerospace Ltd., No. 19-CV-7991, 2022 WL 17095249,

---

[1] The Court granted in part and denied in part plaintiffs' motion for summary judgment against defendants on August 24, 2022. ECF No. 148. The Clerk of Court entered a final judgment against defendants on September 8, 2022. ECF No. 153. The final judgment was amended to include declaratory relief nunc pro tunc on September 14, 2022. ECF No. 157.

1

at *1 (S.D.N.Y. Nov. 21, 2022) (citations and internal quotation marks omitted); Gesualdi v. BKS-NY, LLC, No. 18-CV-1708, 2019 WL 4571113, at *2 (E.D.N.Y. Sept. 20, 2019).

Under Fed. R. Civ. P. 45(a)(2), a subpoena to compel discovery must "issue from the court where the action is pending." An attorney may issue a subpoena on behalf of a court in which the attorney is authorized to practice. Fed R. Civ. P. 45(a)(3); Beare v. Millington, No. 07-CV-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010). Proper service of a subpoena under Rule 45(b)(1) "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by the law." See also Roytlender v. D. Malek Realty, LLC, No. 21-CV-52, 2022 WL 10193408, at *1 (E.D.N.Y. Oct. 17, 2022). A subpoena may command a person to appear for a deposition where the person resides. Fed. R. Civ. P. 45(c)(1)(A). A party who has properly served a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

A party moving for an order to compel must show that they have "in good faith conferred or attempted to confer" with the person failing to comply. Fed. R. Civ. P. 37(a)(1). The movant party must also demonstrate that their Rule 45 subpoena is "relevant to any party's claim or defense and…proportional to the needs of the case" as required by Rule 26(b)(1). Jalayer v. Stigliano, No. 10-CV-2285, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (citations omitted).

I.   Good Faith Attempts to Confer

Plaintiffs have made good faith attempts to confer with Mr. Lyushtra regarding his deposition. Following entry of the final amended judgment against defendants, plaintiffs served a Rule 45 subpoena on Mr. Lyushtra seeking his deposition. ECF No. 205-1. Plaintiffs submit copies of the subpoena and an affidavit of service demonstrating proper service on Mr. Lyushtra. Id. After

receiving the subpoena, Mr. Lyushtra contacted plaintiffs' counsel to inquire about the relevance of his testimony. ECF No. 205, Mot. Compel at 1. Plaintiffs' counsel explained the relevance, and Mr. Lyushtra "indicated that he would appear for his deposition as scheduled" on February 24, 2023. Id. On February 23, 2023, plaintiffs' counsel called Mr. Lyushtra twice and left a voice message to confirm his appearance at the deposition; however, Mr. Lyushtra did not return plaintiffs' counsel's calls and failed to appear at his deposition the following day. Id.

Mr. Lyushtra contends as a preliminary matter that this Court does not have "jurisdiction" over him. ECF No. 208, Opp. Mot. Compel ¶ 11. However, a subpoena is issued by the court for the district where compliance is required. Fed. R. Civ. P. 45(g). Under Rule 45(c), a subpoena may require a person to attend a deposition "within 100 miles of where the person resides." Fed. R. Civ. P. 45(c)(1)(A). Mr. Lyushtra states that he is a New York resident, Opp. Mot. Compel ¶ 15; he was properly served at his residence in Brooklyn, New York, ECF No. 205-1 at 4; and he has been commanded to attend a deposition in Nassau County. The Court finds no basis for Mr. Lyushtra's position that the Court lacks jurisdiction over him. Mr. Lyushtra is a resident of this District, and he was properly subpoenaed to appear for a deposition within this District.

Mr. Lyushtra also contends that plaintiffs have not made good faith efforts to confer with him regarding his deposition. Opp. Mot. Compel ¶¶ 5–6. He attaches a "doctor's note" stating that he developed "Acute Gastroenteritis" with treatment of "home rest," and that he "stayed home" from February 23, 2023 to February 26, 2023. ECF No. 208-1. The Court is unpersuaded. Mr. Lyushtra has not demonstrated why or how "home rest" for 3-4 days would prevent him from contacting plaintiffs' counsel to reschedule his deposition accordingly.[2]

---

[2] Mr. Lyushtra also contends, without citing any legal authority, that plaintiffs cannot compel compliance unless he "never responded to the subpoena" or "affirmatively refused to appear after plaintiffs agree to provide requested accommodations to him." Opp. Mot. Compel ¶ 23. This contention is wholly unsupported and without merit.

II.     Relevance and Proportionality

Plaintiffs have established that Mr. Lyushtra's testimony is relevant and proportional to plaintiffs' efforts to execute on the judgment in this case. Id. Plaintiffs have identified a number of companies that defendant Dovman controls, ECF No. 205-3 at 11–13; ECF No. 201-4, and allege that Mr. Lyushtra has received large sums of money from these companies, including at least one transaction that post-dated entry of the judgment, Mot. Compel at 2. Plaintiffs proffer copies of ten checks paid to the order of "Robert Lyushtra" from three of these companies' bank accounts. Id.; ECF No. 205-3 at 1–10. In further support of their motion, plaintiffs submit an affidavit from non-party Diana Sheydvasser, who states that she received $400,000 from two of the same companies controlled by defendant Dovman, and that defendant Dovman requested that she transfer the money to third parties. Mot. Compel at 2; ECF no. 205-2, Diana Sheydvasser Aff. ¶¶ 5–10.

Courts in this Circuit have found that a judgment debtor is "entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment." Jacobson v. Moller & Moller, Inc., No. 02-CV-6316, 2007 WL 1989260, at *1 (E.D.N.Y. July 25, 2007) (citation and internal quotations omitted). Here, plaintiffs demonstrate defendant Dovman's efforts to conceal and transfer his assets, including transfer of assets to Mr. Lyushtra before and after entry of judgment. Mot. Compel at 1. Mr. Lyushtra's testimony is thus relevant and proportional to plaintiffs' efforts to satisfy the judgment in this case. Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 15-CV-7505, 2016 WL 6208288, at *5 (S.D.N.Y. Oct. 18, 2016) ("Courts in this Circuit have regularly upheld non-party subpoenas seeking financial information where plaintiffs have otherwise shown the information to be relevant and narrow in scope." (citations omitted)).

4

For the foregoing reasons, plaintiffs' motion to compel Mr. Lyushtra to appear for his post-judgment deposition is granted. As soon as possible but before March 31, 2022, Mr. Lyushtra's counsel shall contact Mr. Steven Henesy at the law offices of Rivkin Radler LLP to schedule a date for Mr. Lyushtra's deposition.³ The deposition shall be held on or before April 14, 2023. **This is a Court Order and Robert Lyushtra shall comply**. Mr. Lyushtra is warned that if he fails to comply with this Order, the Court will hold him in contempt pursuant to Fed. R. Civ. P. 45(g). A person found to be in contempt is subject to sanctions, which may include a monetary fine, attorney's fees, costs, and even imprisonment.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 22, 2023
       Brooklyn, New York

---

³ The parties may agree to conduct the deposition remotely instead of in person.